UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM A. MCALPINE, | ) | CASE NO. 1:06 CV 2800 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY VETERANS | ) | AND ORDER |
| SERVICE COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 20, 2006, plaintiff pro se William A. McAlpine filed the above-captioned action under 42 U.S.C. § 1983 against the Cuyahoga County Veterans Service Commission ("CCVSC") and CCVSC Assistant Manager John C. Murphy. He filed an amended complaint on January 16, 2006. In his pleading, plaintiff alleges he was treated rudely by Mr. Murphy when he attempted to file a document to correct his military records. He seeks unspecified compensatory and punitive damages. Mr. McAlpine also filed an Application to Proceed In Forma Pauperis. That Application is granted.

### *Background*

Mr. McApline claims he visited the CCVSC offices in June 2006 to obtain assistance

with completion of his application to correct his military records. He indicates he drafted the DD 149 form application with the help of Veteran Service Officer Robert E. Erb, III and submitted it to the Army. The error which Mr. McAlpine sought to correct is not set forth in the pleadings. He indicates that he received a letter from the National Archives and Records Administration on August 22, 2006 notifying him that his records could not be located because they were on loan to another agency and informing him that his application could not be processed at that time. The National Archive advised Mr. McAlpine to file another DD149 form in 60 days. Mr. McAlpine waited 90 days and then visited CCVSC on November 13, 2006. He showed the letter to Mr. Erb, who informed Mr. McAlpine that his record was with CCVSC.

An incident occurred between McAlpine and Mr. Murphy during this meeting. Mr. McAlpine states that he and Mr. Erb were looking through his records and noticed a medical examination report from his induction and enlistment on June 29, 1971. He contends that the record indicated that he had not had a psychological and psychomotor assessment during his physical. It also mentioned that his "heart sound[ed] unusually distant." (Am. Compl. Ex. B.) Mr. McAlpine was nevertheless deemed qualified for service. (Am. Compl. Ex. B.) He indicates that Mr. Murphy overheard their conversation and asked to see the records. Mr. Murphy then related his opinion that the fact that Mr. McAlpine did not have a psychological and psychomotor assessment or that he was diagnosed with a distant sounding heart beat during his physical were irrelevant to his claim for "compensation and pension." (Am. Compl. at 3.) Mr. McAlpine disagreed and informed Mr. Murphy that "it's up to the Department of Veterans Affairs to determine what is relevant in my medical records." (Am. Compl. at 3.) He claims Mr. Murphy became irate and ordered Mr. Erb to cease his efforts to assist Mr. McAlpine. Mr. Murphy then summoned security who escorted Mr.

McAlpine out of the building. He asserts, "Mr. John C. Murphy and the Cuyahoga County Veterans Service Commission violated my civil right [sic] and constitutional rights with an abuse of authority and discrimination." (Am. Compl. at 4.)

### *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, Mr. McAlpine fails to identify any particular constitutional right he believes to have been violated by the defendants. He provides a short narrative of facts and then concludes that the defendants "violated my civil and constitutional rights." (Am. Compl. at 4.) Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, Mr. McAlpine's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that he may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which a § 1983 action can be based.

## *Conclusion*

Accordingly, Mr. McAlpine's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                                                          /s/Dan Aaron Polster 2/12/07
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.